**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| TIMOTHY McDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. 2004-93 |
| JANE LOWE DAVIS, INNOVATIVE ) | |
| COMMUNICATION CORPORATION, THE ) | |
| DAILY NEWS PUBLISHING COMPANY, ) | |
| INC., and JASON ROBBINS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ATTORNEYS:**

**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiff.*

**Kevin A. Rames, Esq.**
St. Croix, U.S.V.I.
    *For the defendants.*

## ORDER

**GÓMEZ, C.J.**

This matter was tried to a jury from March 9, 2009 to March 12, 2009. The jury found each of the defendants[1], Jane Lowe Davis, The Daily News Publishing Company and Jason Robbins (together, the "Defendants"), liable on the intentional infliction of emotional distress claim asserted by the plaintiff,

---

[1] By order dated March 14, 2008, the Court stayed this matter with respect to Innovative Communication Corporation.

*McDonald v. Davis, et al.*
Civil No. 2004-93
Order
Page 2

Timothy McDonald ("McDonald"). While the jury awarded McDonald no compensatory damages for that claim, it assessed the Defendants a total of $325,000 in punitive damages for that claim.[2] The Court has not entered judgment on any of the claims on which McDonald prevailed at trial.

On March 25, 2009, the Court ordered the parties, no later than April 8, 2009, to brief whether punitive damages may be awarded for a claim for which no compensatory damages are awarded. The Defendants timely filed their brief.[3] McDonald did not timely file his brief. On April 9, 2009, he moved for permission, *nunc pro tunc*, to file his brief by April 23, 2009.[4]

---

[2] Specifically, the jury assessed Davis and Robbins $75,000 each in punitive damages for McDonald's intentional infliction of emotional distress claim and The Daily News Publishing Company $175,000 for that claim.

[3] Although the Court ordered briefing on the discrete issue of the availability of punitive damages in the absence of compensatory damages, the Defendants did not restrict their brief to that issue. Instead, the Defendants filed a brief that purports to seek judgment as a matter of law on McDonald's intentional infliction of emotional distress claim. Because no judgment has been entered on any of the claims on which McDonald prevailed, however, the Defendants' brief is premature to the extent it challenges more than the damages portion of the jury verdict on McDonald's intentional infliction of emotional distress claim. In this ruling, the Court reaches only the issue on which it expressly ordered briefing.

[4] McDonald's counsel asserted that the attorney assigned to file the brief "had to take emergency time-off for medical purposes" and that "other attorneys in the office were working to prepare responses to several motions in other cases . . . ." (Pl.'s Mot. for Extension of Time 1, Apr. 9, 2009.)

*McDonald v. Davis, et al.*
Civil No. 2004-93
Order
Page 3

The Court granted that motion.

The Restatement (Second) of Torts[5] explains that punitive damages may be awarded against a person "to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future." Restatement (Second) of Torts § 908(1) (1979). Thus, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Id.* § 908(2).

Under the Restatement, "[i]t is essential . . . that facts be established that, apart from punitive damages, are sufficient to maintain a cause of action." *Id.* § 908 cmt. c; *see also id.* § 908 cmt. b ("Although a defendant has inflicted no harm, punitive damages may be awarded because of, and measured by, his wrongful purpose or intent. . . . In all these cases, however, a cause of action for the particular tort must exist, at least for nominal damages.").

The United States Court of Appeals for the Third Circuit has interpreted the Restatement rule to mean that a punitive damages

---

[5] *See* V.I. CODE ANN. tit. 1, § 4 ("The rules of the common law, as expressed in the restatements of the law . . ., shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary.").

*McDonald v. Davis, et al.*
Civil No. 2004-93
Order
Page 4

award cannot stand without a compensatory damages award.[6] *See*

*Oliver v. Raymark Industries, Inc.*, 799 F.2d 95, 98 (3d Cir.

---

[6] The position of the Restatement accords with the law in other jurisdictions regarding the availability of punitive damages in the absence of compensatory damages. *See Johnson v. Hugo's Skateway*, 949 F.2d 1338, 1350 (4th Cir. 1991) (stating that "entitlement in Virginia to compensatory damages generally is a prerequisite to awarding punitive damages") (citation omitted); *Smith v. Whitaker*, 734 A.2d 243, 252-53 (N.J. 1999) ("[P]unitive damages awarded on a 'free-standing' basis, i.e., without an award of compensatory damages in the underlying action, ordinarily must be premised on a valid judgment for, at a minimum, nominal damages."); *Life Ins. Co. v. Smith*, 719 So. 2d 797, 806 (Ala. 1998) (requiring that "a jury's verdict specifically award either compensatory damages or nominal damages in order for an award of punitive damages to be upheld"); *LaPlaca v. Odeh*, 428 S.E.2d 322, 323 (W. Va. 1993) ("A finding of compensatory damages by a jury is an indispensable predicate to a finding of exemplary or punitive damages[.]") (quotation marks and citation omitted); *Hale v. Ladd*, 826 S.W.2d 244, 247 (Ark. 1992) (noting that the "rule in this state for many years has been that compensatory damages are a prerequisite to punitive damages."); *Carpenter v. Mobile World, Inc.*, 551 N.E.2d 724, 729 (Ill. App. Ct. 1990) ("Punitive damages cannot be awarded when no compensatory damages, even in a nominal amount, have been awarded.") (citation omitted); *Tucker v. Marcus*, 418 N.W.2d 818, 823 (Wis. 1988) ("A general and perhaps almost universally accepted rule is that punitive damages cannot be awarded in the absence of actual damage.") (citations omitted); *Ball v. Overton Square, Inc.*, 731 S.W.2d 536, 539 (Tenn. Ct. App. 1987) ("[T]respass could not be the basis of the punitive damage award since the jury did not award actual, compensatory damages, a prerequisite to punitive damages.") (citations omitted); *Dotlich v. Dotlich*, 475 N.E.2d 331, 346 (Ind. Ct. App. 1985) ("Normally, an award of compensatory damages is a prerequisite to an award of punitive damages.") (citations omitted); *Carida v. Holy Cross Hosp., Inc.*, 427 So. 2d 803, 807 n.7 (Fla. Dist. Ct. App. 1983) ("A judgment for punitive damages alone, without compensatory or nominal damages, cannot stand.") (citations omitted); *Phillips v. Universal Underwriters Ins. Co.*, 257 S.E.2d 671, 673 (N.C. Ct. App. 1979) ("Punitive damages may not be awarded where plaintiff is not entitled to recover any compensatory damages.") (citation omitted).

*McDonald v. Davis, et al.*
Civil No. 2004-93
Order
Page 5

1986) (noting that New Jersey's rule that "punitive damages cannot be awarded without compensatory damages . . . is consistent with the position of the Restatement (Second) of Torts § 908"); *but see De Jesus Nazario v. Rodriguez*, 554 F.3d 196, 204 (1st Cir. 2009) (noting that "there is no consensus at common law regarding the availability of punitive damages absent compensatory or even nominal damages" and that "the Restatement can be read to support the proposition that one need not prove actual or nominal damages to support a punitive damages award").

This Court, in its appellate capacity, has also analyzed § 908 and has similarly found that "as a matter of law[,] . . . compensatory or nominal damages must accompany an award of punitive damages." *Brandy v. Flamboyant Inv. Co.*, 772 F. Supp. 1538, 1544 (D.V.I. App. Div. 1991).[7]

Given the weight of authority and the absence of compensatory damages in this matter[8], the jury's punitive damages

---

[7] McDonald asserts that *Brandy* is "flawed" and "inconsistent with . . . decisions of the Supreme Court of the United States . . . ." (Pl.'s Mem. Regarding Availability of Punitive Damages 4.)  McDonald proceeds to quote from Supreme Court jurisprudence explaining the purpose of punitive damages. Significantly, those cases do not address whether such damages may be awarded without compensatory damages under the circumstances presented here.

[8] Indeed, on the verdict form, in the space provided next to the question, "Indicate the amount of compensatory damages, if any, that you find, by the preponderance of the evidence, the plaintiff is entitled to for intentional infliction of emotional

*McDonald v. Davis, et al.*
Civil No. 2004-93
Order
Page 6

award for McDonald's intentional infliction of emotional distress claim cannot stand.[9] *See*, *e.g.*, *Cooper Distrib. Co., Inc., v. Amana Refrigeration, Inc.*, 63 F.3d 262, 281-84 (3d Cir. 1995) (vacating a punitive damages award for a tortious interference claim where the jury found actual harm but awarded no compensatory damages); *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1195 (3d Cir. 1993) (striking a punitive damages award because the jury did not find sufficient injury to award nominal damages on the plaintiff's tortious interference claim, and noting that the court had instructed the jury about the possibility of awarding nominal damages); *see also*, *e.g.*, *Cal. v. Altus Fin. S.A.*, 540 F.3d 992, 1002 (9th Cir. 2008) (affirming the district court's vacatur of a punitive damages award where the jury awarded "$ 0" in compensatory damages because that verdict established that the plaintiff "did not suffer the 'actual damages' necessary to sustain the jury's punitive damages

---

distress," the jury wrote "Nothing Ø."

[9] In some jurisdictions, an award of merely nominal damages may sustain a punitive damages award. *See*, *e.g.*, *Commonwealth Dept. of Agriculture v. Vinson*, 30 S.W.3d 162, 166 (Ky. 2000) ("Where the plaintiff has suffered an injury for which compensatory damages, though nominal in amount[,] may be awarded, the jury may in a proper case[] award punitive damages as well."). That rule, even assuming it exists in the Virgin Islands, has no application in this matter, as the jury declined to award McDonald nominal damages on his intentional infliction of emotional distress claim notwithstanding an instruction that such damages could be awarded.

*McDonald v. Davis, et al.*
Civil No. 2004-93
Order
Page 7

award"); *Mitchell v. Griffin Television, L.L.C.*, 60 P.3d 1058, 1067 (Okla. Civ. App. 2002) (instructing "the trial court to vacate the punitive damages award in the event there is no award of compensatory damages on remand").

For the foregoing reasons, it is hereby

**ORDERED** that the jury's award of punitive damages on McDonald's intentional infliction of emotional distress claim is **VACATED**.

                                              S\_____
                                                **Curtis V. Gómez**
                                                  **Chief Judge**