**FOR PUBLICATION**

```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

                                      )
TIMOTHY McDONALD,                     )
                                      )
          Plaintiff,                  )
                                      )
          v.                          )
                                      )   Civil No. 2004-93
JANE LOWE DAVIS, INNOVATIVE           )
COMMUNICATION CORPORATION, THE        )
DAILY NEWS PUBLISHING COMPANY,        )
INC., and JASON ROBBINS,              )
                                      )
          Defendants.                 )
                                      )
```

**ATTORNEYS:**

**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
　　*For the plaintiff.*

**Kevin A. Rames, Esq.**
St. Croix, U.S.V.I.
　　*For the defendants.*

## JUDGMENT

**GÓMEZ, C.J.**

This matter was tried to a jury from March 9, 2009 to March 12, 2009.[1] The jury found that defendant The Daily News Publishing Co., Inc. ("The Daily News"), wrongfully discharged the plaintiff, Timothy McDonald. The jury awarded McDonald

---

[1] By order dated March 14, 2008, the Court stayed this matter with respect to defendant Innovative Communication Corporation.

*McDonald v. Davis, et al.*
Civil No. 2004-93
Judgment
Page 2

$20,000 in compensatory damages and $75,000 in punitive damages for his wrongful discharge claim. The jury also found that The Daily News violated the Virgin Islands Fair Labor Standards Act, V.I. CODE ANN. tit. 24, §§ 1-23 (the "FLSA"). The jury awarded McDonald $13,075.80 in compensatory damages for that violation.[2] The Court has not entered judgment on either the wrongful discharge claim or the FLSA claim.

On April 27, 2009, the Court ordered the parties to brief two issues: (1) whether McDonald is entitled to prejudgment interest on either his wrongful discharge claim or his FLSA claim, or both; and (2) whether the start date for the computation of prejudgment interest for either or both of these claims should be the date of McDonald's discharge by the defendants.

In his brief, McDonald answers the first question in the affirmative with respect to both claims. He maintains that the appropriate start date for the computation of prejudgment interest is his date of discharge in December 2003. He urges prejudgment interest to be awarded until the date judgment is

---

[2] The jury also found that all of the defendants intentionally inflicted emotional distress on McDonald. While the jury awarded no compensatory damages for that claim, it awarded a total of $325,000 in punitive damages. Given the absence of compensatory damages, the Court vacated the punitive damages award. *McDonald v. Davis*, No. 2004-93, 2009 U.S. Dist. LEXIS 35526 (D.V.I. Apr. 24, 2009).

*McDonald v. Davis, et al.*
Civil No. 2004-93
Judgment
Page 3

entered.

For its part, The Daily News does not address directly whether McDonald is entitled to prejudgment interest. Instead, it asserts that the start date for the calculation of prejudgment interest, if any, should be the date of the jury verdict in March 2009.[3]

In the Virgin Islands, an award of prejudgment interest is permitted on "all monies which have become due." V.I. Code Ann. tit. 11, § 951(a)(1). "Award is authorized . . . only where the amount due is in money and therefore easily ascertainable." *Antilles Ins. v. James*, 30 V.I. 230, 256 (D.V.I. 1994) (internal quotation marks and citation omitted). While the date that

---

[3] The Daily News argues that "[i]t is unclear whether interest has or has not already been factored into the jury's calculation of damages[.]" (Defs.' Post-Tr. Mem. on Availability of Prejudgment Interest 5.) That argument is meritless. Not only did the jury instructions not address the issue of prejudgment interest, but the verdict form did not ask the jury to break down the compensatory damages it found that McDonald was due. Indeed, the defendants never requested such specificity before the jury began deliberations. In short, there is no basis in the record to conclude that the jury included prejudgment interest in its calculation of compensatory damages. *See*, *e.g.*, *Chandler v. Bombardier Capital*, 44 F.3d 80, 84 (2d Cir. 1994) ("The special verdict did not require the jury to itemize the damages assessed against Mulcahey, and Mulcahey never requested such a breakdown. The jury simply awarded a lump sum. . . . Furthermore, there is nothing in Judge Oakes' instruction to the jury on damages that would have suggested to the jury that it award Chandler the equivalent of prejudgment interest. Accordingly, there is no basis for Mulcahey's argument that the award of prejudgment interest constituted a double recovery.").

*McDonald v. Davis, et al.*
Civil No. 2004-93
Judgment
Page 4

payment becomes due is often disputed, the court has discretion to award prejudgment interest to avoid injustice. Restatement (Second) of Torts § 913(1)(b) (1965).

The Third Circuit has explained the considerations that should guide a district court in exercising its discretion to award prejudgment interest:

> [A]s a general rule, prejudgment interest is to be awarded when the amount of the underlying liability is reasonably capable of ascertainment and the relief granted would otherwise fall short of making the claimant whole because he or she has been denied the use of the money which was legally due. Awarding prejudgment interest is intended to serve at least two purposes: to compensate prevailing parties for the true costs of money damages incurred, and, where liability and the amount of damages are fairly certain, to promote settlement and deter attempts to benefit from the inherent delays of litigation. Thus prejudgment interest should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable.

*Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 208 (3d Cir. 2004) (quotation marks and citation omitted); *see also Booker v. Taylor Milk Co.*, 64 F.3d 860, 868 (3d Cir. 1995) ("To fulfill this make-whole purpose, prejudgment interest should be given in response to considerations of fairness and denied when its exaction would be inequitable." (internal quotation marks and citation omitted)).

No published Virgin Islands case discusses the availability of prejudgment interest for a wrongful discharge claim brought

*McDonald v. Davis, et al.*
Civil No. 2004-93
Judgment
Page 5

under Virgin Islands law. It is beyond cavil that prejudgment interest is available in Title VII cases. *See Loeffler v. Frank*, 486 U.S. 549, 557 (1988) ("[A]pparently all the United States Courts of Appeals that have considered the question agree, that Title VII authorizes prejudgment interest [on back pay awards]."); *Eshelman v. Agere Sys.*, 554 F.3d 426, 442 (3d Cir. 2009) (noting "the now-universal acceptance of another form of equitable relief -- prejudgment interest on back pay awards"); *Booker v. Taylor Milk Co.*, 64 F.3d 860, 868 (3d Cir. 1995) ("Title VII authorizes prejudgment interest as part of the back pay remedy in actions against private employers." (citation omitted)). Similarly, courts in other jurisdictions have upheld grants of prejudgment interest on state-law wrongful discharge claims. *See*, *e.g.*, *Frazier v. Iowa Beef Processors, Inc.*, 200 F.3d 1190, 1192 (8th Cir. 2000) (affirming an award of prejudgment interest on an Iowa retaliatory discharge claim); *Chamberlin v. 101 Realty, Inc.*, 915 F.2d 777, 786 (1st Cir. 1990) (affirming an award of prejudgment interest on a New Hampshire wrongful discharge claim); *Hadra v. Herman Blum Consulting Engineers*, 632 F.2d 1242, 1246 (5th Cir. 1980) (similarly applying Texas law); *see also Chandler v. Bombardier Capital*, 44 F.3d 80, 83 (2d Cir. 1994) ("The purpose of a prejudgment interest award in a wrongful termination case is to compensate a

*McDonald v. Davis, et al.*
Civil No. 2004-93
Judgment
Page 6

plaintiff for the loss of use of money that the plaintiff otherwise would have earned had he not been unjustly discharged." (citation omitted)). The Restatement is on board with this apparently prevailing view. *See* Restatement (Second) of Contracts § 354 cmt. c, illus. 7 (1981) (providing for prejudgment interest on damages in a wrongful discharge lawsuit). Accordingly, this Court finds that a plaintiff succeeding on a Virgin Islands wrongful discharge claim is entitled to prejudgment interest.

Published Virgin Islands cases also do not address the availability of prejudgment interest for a Virgin Islands FLSA claim. The Third Circuit has recognized that the Virgin Islands FLSA resembles the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq. See Amalgamated Workers Union v. Hess Oil Virgin Islands Corp.*, 478 F.2d 540, 545 (3d Cir. 1973) ("The [federal] Fair Labor Standards Act . . . is analogous to the Virgin Islands statute." (footnote omitted)). Prejudgment interest is available in federal FLSA claims. *See Brock v. Richardson*, 812 F.2d 121, 127 (3d Cir. 1987) ("[W]e will apply the same presumption in favor of pre-judgment interest on a back pay award under the FLSA[.]"); *Donovan v. Sovereign Security, Ltd.*, 726 F.2d 55, 58 (2d Cir. 1984) ("[I]t is ordinarily an abuse of discretion not to include pre-judgment interest in a back-pay award under the FLSA."); *Hodgson v. Wheaton Glass Co.*,

*McDonald v. Davis, et al.*
Civil No. 2004-93
Judgment
Page 7

446 F.2d 527, 534-35 (3d Cir. 1971); *see also*, *e.g.*, *West v. Anne Arundel County*, 137 F.3d 752, 764 (4th Cir. 1998) (affirming a prejudgment interest award on a FLSA claim). In light of this authority, this Court holds that prejudgment interest is available to a plaintiff prevailing on a Virgin Islands FLSA claim.

Having concluded that McDonald is entitled to prejudgment interest on both his wrongful discharge and FLSA claims, the Court must pinpoint the start date for the calculation of prejudgment interest. "As a general rule, district courts 'should calculate interest on back pay and past damages based on the date of the adverse employment action.'" *Reed v. Mineta*, 438 F.3d 1063, 1066 (10th Cir. 2006) (quoting *Thomas v. Texas Dep't of Crim. Justice*, 297 F.3d 361, 372 (5th Cir. 2002)).

Here, McDonald was discharged on December 6, 2003. (*See* Trial Tr. vol. 1, 47, Mar. 9, 2009.) That date is the start date for the computation of prejudgment interest for both claims.[4] *See*

---

[4] The defendants rely on *Davis-Richards v. Gov't of the V.I.*, 33 V.I. 83 (V.I. Terr. Ct. 1996), for the proposition that the start date for computing prejudgment interest is the date of the verdict. Their reliance is misplaced. In *Davis-Richards*, the plaintiff was an "unclassified" employee of the Virgin Islands government. She requested a change in her status to that of a classified employee. Her request was denied. The plaintiff appealed to the Government Employees Service Commission ("GESC"). While that appeal was pending, the plaintiff's position was eliminated due to budget cuts. The GESC thereafter ordered the plaintiff reinstated with back pay. The government disregarded

*McDonald v. Davis, et al.*
Civil No. 2004-93
Judgment
Page 8

*Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 538 n.22 (1983) (dictum) (noting that the date of injury in employment cases for prejudgment interest purposes is "the moment from which earning capacity was impaired"). With respect to the wrongful discharge claim, however, McDonald mitigated his damages by obtaining new employment in June 2004. Indeed, in the first year of his new position McDonald earned $35,000. (*See* Trial Tr. vol. 1, 166-67, Mar. 9, 2009.) Accordingly, prejudgment interest will accrue from December 6, 2003 until June 7, 2004[5] on $18,750 in

---

that order. The plaintiff brought suit in the former Territorial Court to enforce the GESC order. The court entered partial judgment for her. The plaintiff was thereafter reinstated but no back pay was given to her. The court subsequently awarded the plaintiff prejudgment interest starting from the date of GESC's order.

The facts of *Davis-Richards* are manifestly too far afield of those presented here to offer any meaningful assistance. Furthermore, the defendants ignore that the decision to award prejudgment interest is discretionary. The fact that one court exercises its discretion in one way based on the equities of a particular factual scenario, does not bind another court to exercise its discretion in an identical manner. *See*, *e.g.*, *In re Merrill*, 596 A.2d 345, 348 (Vt. 1991) (noting that "there may be several equally valid methods of [prejudgment interest] computation, each yielding a somewhat different result"). The other cases the defendants cite in this vein are likewise inapposite.

[5] McDonald testified that he obtained new employment approximately six months after being discharged by the defendants. (*See* Trial Tr. vol. 1, 163, Mar. 9, 2009.) June 7, 2004 is approximately six months after McDonald's December 6, 2003, discharge.

*McDonald v. Davis, et al.*
Civil No. 2004-93
Judgment
Page 9

compensatory damages.[6]  Interest on McDonald's FLSA claim will accrue up to the date of Judgment.

The issues having been tried, and the jury having rendered its verdict, it is hereby

**ORDERED AND ADJUDGED** that McDonald is awarded judgment in the amount of $20,000 in compensatory damages and $75,000 in punitive damages against The Daily News for wrongful discharge; it is further

**ORDERED AND ADJUDGED** that McDonald is awarded judgment in the amount of $13,075.80 in compensatory damages for The Daily News' violation of the FLSA; it is further

**ORDERED AND ADJUDGED** that prejudgment interest on the amount

---

[6]  $18,750 represents the approximate wages McDonald would have collected from December 6, 2003 until June 7, 2004 based on his annual salary of $37,500. (*See* Trial Tr. vol. 1, 148-50, Mar. 9, 2009.)

The Virgin Islands prejudgment interest statute authorizes the award of interest on "all monies which have become due[.]" V.I. CODE ANN. tit. 11, § 951(a)(1).  The statute does not expressly indicate whether interest is available on both compensatory and punitive damages.  Considering, however, that the purpose of prejudgment interest is to make a plaintiff whole while the purpose of punitive damages is to punish, the Court does not find that the $75,000 in punitive damages the jury awarded McDonald on his wrongful discharge claim should be included in the prejudgment interest calculation. *See*, *e.g.*, *Massey v. Farmers Ins. Group*, Nos. 88-2085 & 88-2146, 1993 U.S. App. LEXIS 2191, at *40-41 (10th Cir. Feb. 9, 1993) (not precedential) ("[W]e do not believe that the Oklahoma Supreme Court would interpret [a provision of Oklahoma law authorizing prejudgment interest] to provide for prejudgment interest on a punitive damage award.").

*McDonald v. Davis, et al.*
Civil No. 2004-93
Judgment
Page 10

of $18,750 in compensatory damages for wrongful discharge shall accrue at the rate prescribed by V.I. CODE ANN. tit. 11, § 951, from December 6, 2003 until June 7, 2004; it is further

**ORDERED AND ADJUDGED** that prejudgment interest on the amount of $13,075.80 in compensatory damages for the FLSA violation shall accrue at the rate prescribed by V.I. CODE ANN. tit. 11, § 951, from December 6, 2003 until the date of this Judgment; and it is further

**ORDERED AND ADJUDGED** that post-judgment interest shall accrue at the rate prescribed by V.I. CODE ANN. tit. 5, § 426, from the date of this Judgment until the date of payment.

S\_____
        **Curtis V. Gómez**
         **Chief Judge**